[No. 12906.  Department Two.  December 23, 1915.]

FLORENCE CROCKER, *Appellant*, v. JOHN V. BOYD *et al.*,
*Respondents.*[1]

COMPROMISE AND SETTLEMENT—OF FRAUD—CONCLUSIVENESS—DE-
MANDS NOT INCLUDED. Where plaintiff made a settlement for alleged
fraudulent representations in the exchange of property, while in pos-
session with ample opportunity to determine her wrongs, and re-
served no right to bring up new grievances, the settlement is con-
clusive, in the absence of a clear explanation as to why the new
grievances were not complained of and included at the time of the
settlement.

Appeal from a judgment of the superior court for King
county, Frater, J., entered April 13, 1915, upon the plead-
ings, dismissing an action for damages for fraud.  Affirmed.

*Metzler & Noland*, for appellant.
*C. H. Hanford*, for respondents.

BAUSMAN, J.—Appeal from a judgment on the pleadings
in favor of the defendants Boyd and others.  Plaintiff com-
plains of false representations by the defendants in the ex-
change of property, and asks damages.  She sets out several
misrepresentations, the falsity of any one of which could
have been discovered by inspection beforehand, but from in-
spection she was deterred, she says, by false assurance.  She
did, though, go into possession not long after the exchange,
and admits that, while in possession, she made a certain settle-
ment, which the defendants have set up as a full discharge.

That settlement was based upon a communication to de-
fendants from her lawyer, setting out five false representa-
tions.  Only one of these, however, appears in the present
complaint, which, save for that alone, alleges an entirely dif-
ferent group of lies.  Now, the reply gives a poor explana-

[1]Reported in 153 Pac. 1076.

tion why the things that she complains of today were not known to her when she listed her wrongs for settlement. For instance, she had alleged in the complaint that fruit trees, represented to be "six years old and in healthy condition," were in fact "unhealthy, uncared for, and diseased, and many stunted, dead, or dying." The reply avers no reasonable explanation why such a condition as this, so easily seen by one at that time in possession, was not listed among those grievances.

This action, brought eight months after the settlement, is based in fraud, and we hold that the enumeration of her grievances then was an exclusion of those which she did not mention. The settlement did not, to be sure, recite that it was in full, but the defendants alleged that they believed it was. She was then in possession, with ample opportunity to see what was wrong in the property, yet she reserved no right to bring up new grievances, and it must be presumed that defendants would not have settled with her then if she had reserved that right.

Whether in deceit cases it is possible to split grievances in partial settlements and retain the fraud basis at all for subsequent litigation we need not decide, for we are satisfied that, when plaintiff's allegations are read with the contract for exchange and the contract of settlement appended to the answer, the settlement must be enforced as final. One grievance, we have said, appears in the present complaint that in the settlement was neither expressly released nor yet affirmatively retained for future action; but even if this fifth item did survive the settlement and is therefore proper for the subsequent present action, it insufficiently supports, alone, the cause of action. This fifth item was in the settlement described as a misrepresentation of a water right on each tract as "fully paid up," when in truth, so the grievance then was stated, the irrigation company "was in receivership, and extra assessments" would be necessary to secure a water right. In the present complaint, this reappears merely as

an allegation that there was no water right, but this allegation must be taken with the language in the settlement, and with the two together, we hold that there is no allegation that this water right never was paid up. The alleged impending assessments may be such only as arise in receivership expenses, and the failure of the water company to keep its engagements even with those who have paid in full.

The law, as is so often said, does not presume fraud. Except in fiduciary cases, it extends no presumptions to those who charge it. Whatever is vague, uncertain, or uncandid should be resolved against the pleader, and the defendants are not called upon to make allegations of this kind more definite and certain. There pervades the complaint and the reply a want of candor. Instead of distrusting the defendants, the reader is inclined to distrust the plaintiff.

The lower court was justified in rendering judgment on the pleadings. The judgment is affirmed.

MORRIS, C. J., PARKER, and HOLCOMB, JJ., concur.